ORIGINAL

# In the United States Court of Federal Claims

No. 16-1701T
(Filed: August 23, 2017)

* * * * * * * * * * * * * * * * * * * * * * * * *
*
BABA DAINJA EL, *
*
    Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
    Defendant. *
*
* * * * * * * * * * * * * * * * * * * * * * * * *

FILED

AUG 2 3 2017

U.S. COURT OF
FEDERAL CLAIMS

---

### ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

    This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

    Plaintiff pro se Baba Dainja El is a resident of Illinois. Plaintiff alleges that on July 28, 2014, he received a notice of levy on his wages for $37,862.50 in taxes owed for the 2008, 2009, and 2010 tax years. Compl. ¶ 1. Plaintiff was instructed to either pay the amount owed or to submit corrected 1040 forms for each of the years at issue. Id. at ¶ 5. On March 23, 2015, Plaintiff received an additional notice of levy for the 2011 tax year. Id. at ¶ 7. Plaintiff argues that this levy is an unlawful lien under maritime and admiralty law. Id. at ¶¶ 10-32, 62. Plaintiff also claims that he is not and never was a citizen of the United States, and does not classify himself as a taxpayer. Dainja El Aff. ¶¶ 1-3. Plaintiff states that "it has never been [his] intention or desire to voluntarily self-assess an excise tax . . . .," arguing that he is not required to pay federal income tax, which he views as an excise tax. Id. at ¶¶ 2, 5-6, 8.

    Plaintiff seeks an injunction to prohibit any further levy on his wages, an order instructing the Internal Revenue Service ("IRS") to cease identifying him as a taxpayer, and $42,046,739 in

---

[1]     This background is derived from Plaintiff's complaint.

damages for "financial hardships and inconveniences." Compl. 28; Second Demand for Payment 4.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Plaintiff names as defendants former Treasury Secretary Jacob J. Lew, IRS Commissioner John Koskinen, IRS officer Kenneth Brock, and IRS attorney Michael T. Shelton. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiff alleges claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

The gravamen of Plaintiff's complaint appears to be a challenge to the IRS' levy on his wages to satisfy his outstanding income tax owed for tax years 2008 through 2011. Although this Court has jurisdiction over actions for tax refunds, Plaintiff has not alleged that he fulfilled the statutory requirements for bringing such a claim. 26 U.S.C. § 7422(a) (2016); 28 U.S.C. § 1346(a)(1) (2016). In order to invoke jurisdiction in this Court in a tax refund suit, a plaintiff must have paid all taxes, penalties, and interest in full and have filed a refund claim with the IRS for the amount of tax at issue. Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); see also

Flora v. United States, 357 U.S. 63, 72-73 (1958). Plaintiff, however, claims that he has never consented to be classified as a taxpayer and is not required to pay his assessed taxes.

Plaintiff also appears to invoke 15 U.S.C. § 1692, 26 U.S.C. §§ 6321, 7323, and 7401, 28 U.S.C. §§ 1333, 3201, and 3205, and 42 U.S.C. § 1986, but these provisions do not provide a basis for jurisdiction in this Court. Section 1692 of Title 15, "Congressional findings and declaration of purpose," provides for civil remedies against debt collectors, not the United States, in the district courts. Sections 6321 and 7401 of Title 26, "Lien for taxes," and "Authorization" are not money-mandating, and Section 7323, "Judicial action to enforce forfeiture," grants exclusive jurisdiction to the district courts. Section 1333 of Title 28, "Admiralty, maritime and prize cases," grants exclusive jurisdiction to the district courts, while Sections 3201 and 3205, "Judgment liens" and "Garnishment," are not money-mandating. Finally, jurisdiction over civil rights violations is vested exclusively in the district courts. Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009); see also Sharpe v. United States, 112 Fed. Cl. 468, 476 (2013) (stating that "the Court of Federal Claims is not a district court").

Plaintiff also alleges fraud and libel, but because these claims sound in tort, this Court lacks jurisdiction to entertain them. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

In addition to damages, Plaintiff seeks an injunction to prohibit any further levy on his wages and an order instructing the IRS to cease identifying him as a taxpayer. However, this Court cannot grant Plaintiff the equitable relief that he seeks, as this Court lacks the statutory authority to enjoin the IRS from collecting or assessing tax. Ledford, 297 F.3d at 1381-82.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. Plaintiff's motion for summary judgment is dismissed as moot. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Will*
MARY ELLEN COSTER WILLIAMS
Judge